**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4753

DARYL ERSKINE JENKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-99-121-MJP)

Submitted: August 31, 2000

Decided: September 22, 2000

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Creighton B. Coleman, MCCUTCHEN, BLANTON, RHODES &
JOHNSON, Winnsboro, South Carolina, for Appellant. Cameron
Glenn Chandler, Assistant United States Attorney, Nancy Chastain
Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daryl Erskine Jenkins appeals his jury conviction and resulting sentence for possession of cocaine base with the intent to distribute, in violation of 21 U.S.C.A. § 841 (West 1999). We affirm.

Jenkins' attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising the sole issue of whether the district court erred in denying Jenkins' Fed. R. Crim. P. 29 motion for judgment of acquittal. Jenkins has filed a pro se supplemental brief raising three issues that were not asserted in the district court.

When a motion for judgment of acquittal is based on the claim that the evidence was insufficient, this Court reviews the denial under the sufficiency of the evidence standard. <u>See United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1141 (1999). In reviewing the sufficiency of the evidence, this Court considers whether, viewing the evidence in the light most favorable to the government, there was evidence such "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996). We find the evidence was sufficient for a jury to find Jenkins possessed the crack cocaine for distribution.

Our review of the claims raised in Jenkins' pro se supplemental brief that his stop and arrest violated the Fourth Amendment, that the district court improperly admitted drugs into evidence, and that he was improperly sentenced, reveals no plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 733-37 (1993) (limiting court of appeals' review of claims raised for first time on appeal for plain error).

Pursuant to <u>Anders</u>, this court has reviewed the record for potential error and has found none. Therefore, we affirm Jenkins' sentence and

2

conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3